Jiang v. Sessions

BIA
Poczter, IJ
A205 597 005

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand eighteen.

PRESENT: JOHN M. WALKER, JR.,
         BARRINGTON D. PARKER,
         REENA RAGGI,
             *Circuit Judges.*

_____

TAO JIANG,
         *Petitioner,*

v.                                      No. 16-2329
                                        NAC
JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
         *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, Esq., New York, New York.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Justin Markel, Senior Litigation Counsel; Margaret A. O'Donnell, Trial Attorney, Office of Immigration Litigation, United States

Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tao Jiang, a native and citizen of the People's Republic of China, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ's") denial of Tao Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Tao Jiang,* No. A205 597 005 (B.I.A. June 17, 2016), *aff'g* No. A205 597 005 (Immig. Ct. N.Y.C. Oct. 2, 2014). Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), applying well-established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to deny the petition for review.

The IJ, considering the totality of the circumstances

2

and all relevant factors, "may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Tao Jiang was not credible as to his claim that Chinese police detained and beat him on account of his practice of Christianity in an underground church.

*First*, the agency reasonably relied on an inconsistency between Tao Jiang's testimony that he attended a new church after his release from detention and a letter from his first church indicating that he remained an active member of that church after his release. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d at 165-67. Tao Jiang first explained that he had not registered at the second church. He then testified that the two churches were the same. These inconsistent explanations did not provide a compelling

3

explanation for the initial inconsistency between Tao Jiang's testimony and the church letter and, instead, provided further support for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original) (internal quotation marks omitted)).

*Second*, the agency reasonably found Tao Jiang's evidence inconsistent and his testimony implausible regarding his assertion that he hid from police at his uncle's house for three months after being recognized by police and narrowly escaping a second arrest at church. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-68 (2d Cir. 2007) (recognizing that adverse credibility determination may be based on inherent implausibility in applicant's story if "finding is tethered to record evidence" or based on common sense). Tao Jiang and his uncle provided statements that Tao Jiang hid in fear of being arrested, but Tao Jiang's witness testified that he did not know that Tao Jiang had been in hiding and that Tao Jiang had met him in

4

public during that time.  When asked to explain this apparent inconsistency, Tao Jiang testified implausibly that there were no police on the streets when he went out because it was lunchtime on the first occasion and a holiday on the second. *See Wensheng Yan v. Mukasey*, 509 F.3d at 66-68.

Given the inconsistency and implausibility findings, substantial evidence supports the agency's adverse credibility determination.                 *See*        8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167.  That determination is dispositive of Tao Jiang's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate.[1] *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

---

[1] Accordingly, we need not address whether the BIA correctly determined that Tao Jiang waived his CAT claim or whether that claim is exhausted.  *See* 8 U.S.C. § 1252(d)(1); *Gill v. I.N.S.*, 420 F.3d 82, 85-87 (2d Cir. 2005).